IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  24–13–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| PERRY EDWARD CARSON, | |
| Defendant. | |

Before the Court is Defendant Perry Edward Carson's post-trial motion for acquittal. (Doc. 50.) The Government opposes the motion. (Doc. 58.) For the reasons herein, the motion is DENIED.

## BACKGROUND

On May 1, 2024, Defendant was indicted by a federal grand jury for being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. 2.) Defendant did not file any pretrial motions. (Doc. 14.) Defendant proceeded to trial, and on July 15, 2024, was convicted by a jury. (Docs. 36, 38.) On July 26, 2024, Defendant filed the instant motion. On August 30, 2024, Defendant filed a notice of supplemental authority. (Doc. 62.) The motion is now fully briefed and ripe for ruling.

1

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 29(c), "[a] defendant may move for judgment or acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." In ruling on a motion for judgment of acquittal pursuant to Rule 29 based on sufficiency of the evidence, the Court must "review the evidence presented against the defendant 'in the light most favorable to the government to determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Freter*, 31 F.3d 783, 785 (9th Cir. 1994) (quoting *United States v. Shirley*, 884 F.2d 1130, 1134 (9th Cir. 1989)). "[T]he government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or rule out every hypothesis except that of guilt beyond a reasonable doubt." *United States v. Katakis*, 800 F.3d 1017, 1023 (9th Cir. 2015) (quoting *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010)). "That said, 'evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case, or where there is a total failure of proof of a requisite element.'" *Id.* (quoting *Nevils*, 598 F.3d at 1167).

**DISCUSSION**

## I.      Insufficient Proof at Trial

To convict a defendant of felon in possession of a firearm or ammunition

under 18 U.S.C. § 922(g)(1), the Government must prove the following elements:

(1) The defendant knowingly possessed a firearm;

(2) The firearm had been shipped or transported from one state to another;

(3) At the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4) At the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

*See Manual of Model Criminal Jury Instructions for the District Courts of the*

*Ninth Circuit*, 2022 Edition, 14.15 Firearms-Unlawful Possession

(18 U.S.C. § 922(g)) (Revised March 2024). Here, Defendant stipulated that he

possessed a Sig Sauer P364, Serial Number 66B575310 or ammunition on or about

March 15, 2024. (Doc. 24 at 2.) The jury was subsequently instructed that

Defendant stipulated to possessing a Sig Sauer P364, Serial Number 66B575310 or

ammunition on or about March 15, 2024. (Doc. 34-1 at 15.) As such, the Court

finds that any rational trier of fact could have found this element beyond a

reasonable doubt. The Court now turns to the remaining elements.

## A. The Firearm had been Shipped or Transported from One State to Another

Defendant contends that "the jury instructions did not require the jury to find that [Defendant's] possession of the handgun involved activity affecting commerce." (Doc. 51 at 6.) The Government responds that a firearm's past connection to interstate commerce is sufficient proof to establish the jurisdictional element. (Doc. 58 at 7.) The Court agrees with the Government.

Relying on United States Supreme Court precedent, the Ninth Circuit has held that "with respect to a predecessor statute to [§] 922(g)(1), . . . there need only be a 'minimal nexus that the firearm have been, at some time, in interstate commerce.'" *United States v. Rousseau*, 257 F.3d 925, 933 (9th Cir. 2001) (quoting *Scarborough v. United States*, 97 S.Ct. 1963, 1969 (1977)). This element can be established where a firearm has an imprint indicating it was manufactured in a different state than the state in which the firearm was found. *See United States v. Patterson*, 820 F.2d 1524, 1526 (9th Cir. 1987).

At trial, the jury was instructed that:

> Under 18 U.S.C. § 922(g)(1), it is "unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm of ammunition which has been shipped or transported in interstate or foreign commerce."

(Doc. 34-1 at 14.) To establish that Defendant's firearm had been transported in

interstate commerce, the Government called Special Agent Shieno as a witness, who testified that the Sig Sauer which Defendant stipulated to possessing in Montana was manufactured in New Hampshire. (Doc. 55 at 176 (transcript of trial).) The Government also entered a photo of the Sig Sauer into evidence as Exhibit 9 which displayed the manufacturing location of Newington, New Hampshire. (Doc. 43-9.) In viewing this evidence in a light most favorable to the Government, the Court finds that any rational tryer of fact could have found that the Government proved the jurisdictional element beyond a reasonable doubt.

### B. Status as Prohibited Person and Knowledge of Status as Prohibited Person

The Government was also required to prove beyond a reasonable doubt that Defendant was a prohibited person within the meaning of § 922(g)(1). At trial, the Government—through Special Agent Schieno—introduced certified copies of the charging documents from Defendant's 1999 felony conviction, as well as his guilty plea statement and the criminal judgment. (Docs. 43-11, 43-12, 43-13, 43-15.) The guilty plea statement—which was signed and initialed by Defendant—provided that the maximum penalty for the charge to which he was pleading guilty was ten years in jail. (Doc. 43-13 at 5.) The criminal judgment imposed a sentence of confinement of 18 to 36 months. (Doc. 43-15 at 1.) Based on this evidence, any rational trier of fact could have found that the at the time Defendant possessed the Sig Sauer, he had been convicted of a crime punishable by imprisonment for a term

exceeding one year, and that at the time Defendant possessed the Sig Sauer, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Defendant maintains that under *Rehaif v. United States*, 588 U.S. 225 (2019), the Government had to prove an additional element: that Defendant knew that his felony conviction put him in a class of people that are prohibited from owning firearms. (*See* Doc. 51 at 2.) But that is a misstatement of the law. *See United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) (rejecting the argument that in a prosecution under § 922(g), the Government must prove that the defendant knew his status and also knew that his status prohibited him from owning a firearm); *see also United States v. Hodgkin*, No. 2:16-cr-00355-KJD-VCF, 2024 WL 2959261, at *2 (D. Nev. June 12, 2024) ("*Rehaif* does not stand for the proposition that the government must prove that the defendant knew his possession of the firearm was unlawful. *Rehaif* requires proof of the defendant's felonious status.") Accordingly, the Court rejects Defendant's argument.

## II.    Founding Era Firearms Ban

Next, Defendant argues that the Government did not "prove that [Defendant's] 1999 Pennsylvania drug conviction served to revoke permanently his Second Amendment rights as *Buren* [sic] requires." (Doc. 51 at 2.) Specifically, Defendant contends that "the government never proved that

[Defendant's] 1999 drug conviction is analogous to any category of crime which historically resulted in the denial of Second Amendment rights. Nor did the government prove that [Defendant] was judicially determined to pose a credible threat to another person." (*Id.* at 3.) As a threshold matter, the Court notes that Defendant seems to be bringing a constitutional challenge to § 922(g)(1). However, "[t]he constitutionality of a statute is a question of law," *Murphy v. United States*, 992 F.2d 929, 930 (9th Cir. 1993), and "[i]t is well-settled that questions of fact are to be decided by the jury, whereas questions of law are to be decided by the Court." *United States v. Boyajian*, No. CR09-933(A)-CAS, 2016 WL 225724, at *8 (C.D. Cal. Jan. 19, 2016). Nonetheless, the Court has considered Defendant's argument and rejects it for the reasons below.

In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, the United States Supreme Court held that the Second Amendment protects an individual's right to carry a handgun for self-defense outside the home. 142 S. Ct. 2111, 2122 (2022). The Court further held that when assessing the constitutionality of a firearm regulation, a court must apply "[t]he test we set forth in *Heller*" and "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131. In a concurring opinion, Justice Kavanaugh, joined by Chief Justice Roberts, joined the Court's opinion in full but "underscore[d]" that "the Second Amendment allows a 'variety'

of gun regulations," and nothing in the Court's opinion "'should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[.]'" *Id.* at 2162 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). Subsequently, in *McDonald v. City of Chicago*, the Supreme Court stated that *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.'" 561 U.S. 742, 786 (2010) (*quoting Heller*, 554 U.S. at 626–627). Notably, in *Heller*, *McDonald*, and *Bruen*, the Supreme Court characterized the Second Amendment right as belonging to *law-abiding citizens*, a category of citizens to which Defendant does not belong. More recently, in *United States v. Rahimi*, the Supreme Court reiterated that many prohibitions on firearms, "like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" 144 S. Ct. 1889, 1891 (2024) (quoting *Heller*, 554 U.S. at 626–27).

Defendant cites *United States v. Connelly*, a Fifth Circuit case, as authority for the proposition that § 922(g)(1) is unconstitutional as applied to Defendant. But in *Connelly*, the Fifth Circuit applied a *Bruen* analysis to a defendant who was convicted under § 922(g)(3), which prohibits unlawful users of controlled substances from possessing a firearm. No. 23-50312, 2024 WL 3963874 (5th Cir. Aug. 28, 2024). In contrast, here, Defendant was charged with and convicted of violating § 922(g)(1), which prohibits convicted felons from owning firearms.

8

(Doc. 36.) While the Fifth Circuit's analysis in *Connelly* is undoubtedly interesting, it does not persuade this Court to ignore the United States Supreme Court's direction in *Heller*, *McDonald*, *Bruen*, and *Rahimi* on the constitutionality of prohibitions on felons possessing firearms.

### III.   Due Process Fair Warning

Finally, Defendant argues that § 922(g)(1) does not provide fair warning of what conduct is prohibited, and therefore, the statute—as applied to Defendant— does not comport with the due process requirements of the Constitution. (Doc. 51 at 2–5.) According to Defendant, "by operation of law, and through publication of the *Bruen* decision, [Defendant] was basically notified that his 1999 drug conviction did not serve to permanently revoke his Second Amendment rights, as [Defendant's] trial testimony showed. To revert to pre-*Bruen* law to convict [Defendant] denies due process of law." (Doc. 51 at 3.) The Government counterargues that "§ 922(g)(1) clearly states that an individual convicted of an offense with potential punishment of one year or more is prohibited from possessing firearms" and "[r]eading the statute in conjunction with *Bruen* provides fair warning that a felon may not possess a firearm." (Doc. 58 at 5–6.) The Court agrees with the Government.

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand

what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). An as-applied challenge assumes the truth of the allegations in the indictment and asks whether a person of average intelligence would understand that his conduct is proscribed under the statute. *United States v. Bohonus*, 628 F.2d 1167, 1173–75 (9th Cir. 1980). The fair warning prong of the vagueness inquiry does not invalidate every statute whose application or interpretation is complex. Rather, the "touchstone" of the "fair warning requirement" is "whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 266–67 (1997).

Section 922(g)(1) meets that requirement on the alleged facts of this case. The Court is confident that a person of ordinary intelligence can comprehend from that statutory language that a prior conviction for a felony offense will disqualify him or her from possessing firearms or ammunition. Further, Defendant's argument that *Bruen* put Defendant on notice that he was not barred from owning a firearm is undermined by Justice Kavanaugh's concurring opinion, which explicitly states that the Supreme Court's opinion should not cast doubt on the longstanding prohibitions on the possession of firearms by felons. As such, the Court rejects Defendant's argument.

## CONCLUSION

In viewing the evidence presented at trial, any rational trier of fact could have found that the Government proved the elements of § 922(g)(1) beyond a reasonable doubt. Defendant was provided fair warning that his conduct was prohibited.

Accordingly, IT IS ORDERED that the motion (Doc. 50) is DENIED.

DATED this 19th day of September, 2024.

Dana L. Christensen, District Judge
United States District Court

11